## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JDS Industries, Inc.,<br><br>Lionel Landry Jr., d/b/a Accolades d/b/a Accolades Awards & Engraving,<br><br>Creative and Fast LLC d/b/a Promotional Products San Antonio,<br><br>Kelly Scoggins d/b/a King Engraving,<br><br>Jamey Z. Apps d/b/a Roberts Trophies, and<br><br>Eagle Media, Inc.,<br><br>    Defendants. | Case No.  1:17-cv-00424<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1)  **TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**<br>(2)  **TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**<br>(3)  **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);**<br>(4)  **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(5)  **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(6)  **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**<br>(7)  **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**<br>(8)  **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(9)  **PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271;**<br>(10) **COMMON LAW TRADE DRESS INFRINGEMENT;**<br>(11) **COMMON LAW TRADEMARK INFRINGEMENT;**<br>(12) **COMMON LAW UNFAIR COMPETITION;**<br>(13) **COMMON LAW MISAPPROPRIATION; AND**<br>(14) **UNJUST ENRICHMENT.**<br><br>    **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against JDS Industries, Inc. ("JDS Industries"), Lionel Landry Jr., d/b/a Accolades d/b/a Accolades Awards & Engraving ("Accolades"), Creative and Fast LLC d/b/a Promotional Products San Antonio ("Creative and Fast"), Kelly Scoggins d/b/a King Engraving, ("King Engraving"), Jamey Z. Apps d/b/a Roberts Trophies ("Roberts Trophies"), and Eagle Media Inc. ("Eagle Media") (collectively, "Defendants") alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      On information and belief, JDS Industries is a corporation organized under the laws of the State of South Dakota with a place of business at 1800 E 57th St N., Sioux Falls, SD 57104. On information and belief, JDS Industries advertises, promotes, offers for sale, sells, and/or distributes promotional products to its customers located throughout the United States, including in the State of Texas and in this District, and does business at least through its website www.jdsindustries.com.   On information and belief, these customers include the additional Defendants in this lawsuit, Accolades, Creative and Fast, King Engraving, Roberts Trophies, and Eagle Media.

3.      On information and belief, Lionel Landry Jr. is an individual residing at 413 Meadowbrook, San Antonio, Texas 78232, who does business under the names Accolades and Accolades Awards & Engravings, including through the website http://www.accolades4u.com/. On information and belief, Accolades Awards & Engravings has a principal place of business at 11826 Radium Street, San Antonio, Texas 78216.

4.     On information and belief, Creative and Fast LLC d/b/a Promotional Products San Antonio is an LLC organized under the laws of the State of Texas with a place of business at 8760 Research Blvd STE 399A, Austin, Texas 78758, and does business at least through its website http://www.promotionalproductssanantonio.net/.

5.     On information and belief, Kelly Scoggins is an individual residing at 2520 Laredo Court, Christiana, Tennessee 37037, who does business under the name King Engraving, including through the website http://kingengraving.com/.

6.     On information and belief, Jamey Z. Apps is an individual residing at 1801 E Lafayette St, Bloomington, Illinois 61701, who does business under the name Roberts Trophies, including through the website   https://www.robertstrophies.com/. On information and belief, Roberts Trophies has a principal place of business at 2302 E Oakland Ave Ste 4, Bloomington, Illinois 61701.

7.     On information and belief, Eagle Media Inc., is a corporation organized under the laws of the State of Wisconsin with a place of business at 7717 S. Loomis Rd., Wind Lake, Wisconsin 53185 and does business at least through its website http://shop.eaglemediainc.com/.

## Jurisdiction and Venue

8.     This is an action for trade dress and trademark dilution, trade dress and trademark infringement, unfair competition and false designation of origin, patent infringement, misappropriation, and unjust enrichment.   This action arises under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), the Patent Act, 35 U.S.C. § 1, et seq., federal common law, and state common law, including the law of Texas.

9.     This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

10.     This Court has personal jurisdiction over each of the Defendants because, *inter alia*, Defendants are doing business in the State of Texas, including in this District.  For example, Creative and Fast is a company organized under the laws of the State of Texas, and Creative and Fast and Accolades both have a principal place of business in the State of Texas, and specifically in this District. Further, and as discussed in more detail below, (i) each Defendant has advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute, infringing products to their customers and/or potential customers located throughout the United States, including in the State of Texas and in this District, including through their respective website(s), (ii) each Defendants' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iii) on information and belief, each Defendant acted with knowledge that its unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) each Defendants' customers and/or potential customers reside in the State of Texas, including in this District.

11.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

**General Allegations – YETI's Intellectual Property**

12.     For several years, YETI has continuously engaged in the development, manufacture, and sale of insulated products, including insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas.  Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trade dress rights relating to its

insulated drinkware designs.

13.     Several years ago, YETI introduced its 30 oz. Rambler™ Tumbler, 20 oz. Rambler™ Tumbler, 10 oz. Rambler™ Lowball, and Rambler™ Colster® beverage holder into the marketplace (collectively, "Rambler™ Drinkware").   YETI has sold millions of the Rambler™ Drinkware throughout the United States, including sales to customers in the State of Texas.   YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of the Rambler™ Drinkware.   The designs and features of the Rambler™ Drinkware have received widespread and unsolicited public attention.   For example, the Rambler™ Drinkware have been featured in numerous newspaper, magazine, and Internet articles.

14.     The designs of the Rambler™ Drinkware have distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Drinkware is YETI.   As a result of at least YETI's continuous and exclusive use of the Rambler™ Drinkware, YETI's marketing, advertising, and sales of the Rambler™ Drinkware, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler™ Drinkware, which consumers have come to uniquely associate with YETI.

15.     An exemplary image of a YETI 30 oz. Rambler™ Tumbler is shown below:

| Illustration 1: Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
|---|
|  |

16.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler™ Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the profile of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement

of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid of the YETI 30 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

17.    An exemplary image of a YETI 20 oz. Rambler™ Tumbler is shown below:

| Illustration 2: Exemplary Image of a YETI 20 oz. Rambler™ Tumbler. |
|:---:|
|  |

18.    YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler™ Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the profile of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler™ Tumbler;  the design and appearance of the rim of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in  the side wall of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of

the drinking opening on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler™ Tumbler and the tumbler lid of the YETI 20 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

19.     An exemplary image of a YETI 10 oz. Rambler™ Lowball is shown below:

| Illustration 3: Exemplary Image of a YETI 10 oz. Rambler<sup>TM</sup> Lowball. |
|---|



20.     YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler™ Lowball, which includes the design and appearance of the curves and lines in the YETI Rambler™ Lowball; the design and appearance of the profile of the YETI Rambler™ Lowball; the design and appearance of the walls of the YETI Rambler™ Lowball; the design and appearance of the rim of the YETI Rambler™ Lowball; the design, appearance, and placement of the style line around the base of the YETI Rambler™ Lowball; the design, appearance, and placement of the tab on the lid of the YETI Rambler™ Lowball; the design, appearance, and placement of the drinking opening on the lid of the YETI Rambler™ Lowball; the design,

appearance, and placement of the top plane of the lid of the YETI Rambler™ Lowball; the design, appearance, and placement of the side walls of the lid of the YETI Rambler™ Lowball; the color contrast and color combinations of the YETI Rambler™ Lowball and the tumbler lid on the YETI Rambler™ Lowball; and the relationship of these features to each other and to other features.

      21.    An exemplary image of a YETI Rambler™ Colster® beverage holder is shown below:

| Illustration 4:  Exemplary Image of a YETI Rambler™ Colster® beverage holder. |
| :---: |
|  |

      22.    YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler™ Colster® Beverage Holder, which includes the design and appearance of the curves and lines in the YETI Rambler™ Colster® Beverage Holder; the design and appearance of the profile of the YETI Rambler™ Colster® Beverage Holder; the design and appearance of the walls of the YETI Rambler™ Colster® Beverage Holder; the design and appearance of the rim of the YETI Rambler™ Colster® Beverage Holder; the design, appearance, and placement of the top plane of the upper band of the YETI Rambler™ Colster® Beverage Holder; the

design, appearance, and placement of the side walls of the upper band of the YETI Rambler™ Colster® Beverage Holder; the design, appearance, and placement of the style line around the base of the YETI Rambler™ Colster® Beverage Holder; the color contrast and color combinations of the YETI Rambler™ Colster® Beverage Holder and the upper band of the YETI Rambler™ Colster® Beverage Holder; and the relationship of these features to each other and to other features.

23.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

24.     YETI has also used the trademark "YETI" throughout the United States in connection with its insulated drinkware products, cooler products, and other products, and the trademarks "YETI COLSTER" and "YETI RAMBLER COLSTER" throughout the United States in connection with at least its insulated drinkware products.  YETI has used these trademarks throughout the United States and the State of Texas, including with advertising and promoting YETI's Rambler™ Tumblers, YETI's Rambler™ Lowballs, YETI's Rambler™ Colster® beverage holders, and YETI's Rambler® Bottles.

25.     In view of YETI's extensive and continuous use of "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER" consumers have come to associate "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER" as source identifiers of YETI, and YETI owns trademark rights in these marks. Further, YETI owns several trademark registrations, including Trademark Registration No. 3,203,869 ("the '869 Registration") for "YETI" for portable coolers,

Trademark Registration No. 4,948,370 ("the '370 Registration") for "YETI" for clothing, Trademark Registration No. 4,948,371 ("the '371 Registration") for "YETI" for clothing, Trademark Registration No. 4,833,419 ("the '419 Registration") for "YETI COLSTER" for stainless steel drink holders, and Trademark Registration No. 4,871,725 ("the '725 Registration") for "YETI RAMBLER COLSTER" for stainless steel drink holders. A copy of these trademark registrations is attached as Exhibits 1-5.

26.    As a result of, *inter alia*, YETI's exclusive, continuous, and substantial use of "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER," YETI's exclusive, continuous and substantial advertising and promoting of products bearing "YETI," "YETI COLSTER," and/or "YETI RAMBLER COLSTER," and the publicity and attention that has been paid to YETI's "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER" marks, these marks have become famous and acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks as source identifiers of YETI.

27.    YETI also owns U.S. Design Patent No. D752,397 ("the '397 patent"), U.S. Design Patent No. D779,285 ("the '285 patent"), U.S. Design Patent No. D779,891 ("the '891 patent"), U.S. Design Patent No. D779,892 ("the '892 patent"), U.S. Design Patent No. D780,530 ("the '530 patent"), U.S. Design Patent No. D780,531 ("the '531 patent"), U.S. Design Patent No. D780,532 ("the '532 patent"), and U.S. Design Patent No. D780,533 ("the '533 patent") (collectively, "YETI's beverage holder patents"), all related to a beverage holder.

28.    The '397 patent is entitled "Beverage Holder."  On March 29, 2016, the '397 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire

right, title, and interest to the '397 patent.  A copy of the '397 patent is attached as Exhibit 6. An

exemplary figure from the '397 patent is shown in Illustration 5 below.

| Illustration 5:  Exemplary Figure from the '397 Patent. |
| :---: |
|  |

29.    The '285 patent is entitled "Beverage Holder." On February 21, 2017, the '285

patent was duly and legally issued by the U.S. Patent Office to YETI.   YETI owns the entire

right, title, and interest to the '285 patent.  A copy of the '285 patent is attached as Exhibit 7. An

exemplary figure from the '285 patent is shown in Illustration 6 below.

12

| Illustration 6:  Exemplary Figure from the '285 Patent. |
|---|
|  |

30.     The '891 patent is entitled "Beverage Holder." On February 28, 2017, the '891 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '891 patent.  A copy of the '891 patent is attached as Exhibit 8. An exemplary figure from the '891 patent is shown in Illustration 7 below.

| Illustration 7:  Exemplary Figure from the '891 Patent. |
|---|
|  |

31.     The '892 patent is entitled "Beverage Holder." On February 28, 2017, the '892

patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire

right, title, and interest to the '892 patent.  A copy of the '892 patent is attached as Exhibit 9. An

exemplary figure from the '892 patent is shown in Illustration 8 below.

| Illustration 8:  Exemplary Figure from the '892 Patent. |
|---|
|  |

32.    The '530 patent is entitled "Beverage Holder." On March 7, 2017, the '530 patent

was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title,

and interest to the '530 patent.   A copy of the '530 patent is attached as Exhibit 10. An

exemplary figure from the '530 patent is shown in Illustration 9 below.

| Illustration 9:  Exemplary Figure from the '530 Patent. |
|---|
|  |

33.     The '531 patent is entitled "Beverage Holder." On March 7, 2017, the '531 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '531 patent.   A copy of the '531 patent is attached as Exhibit 11. An exemplary figure from the '531 patent is shown in Illustration 10 below.

| Illustration 10:  Exemplary Figure from the '531 Patent. |
|---|
|  |

34.     The '532 patent is entitled "Beverage Holder." On March 7, 2017, the '532 patent

was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '532 patent.  A copy of the '532 patent is attached as Exhibit 12. An exemplary figure from the '532 patent is shown in Illustration 11 below.

| **Illustration 11:  Exemplary Figure from the '532 Patent.** |
|---|



35.     The '533 patent is entitled "Beverage Holder." On March 7, 2017, the '533 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '533 patent.   A copy of the '533 patent is attached as Exhibit 13. An exemplary figure from the '533 patent is shown in Illustration 12 below.

| Illustration 12: Exemplary Figure from the '533 Patent. |
|---|



36. YETI further owns U.S. Design Patent No. D751,338 ("the '338 patent"), U.S. Design Patent No. D751,339 ("the '339 patent"), U.S. Design Patent No. D751,340 ("the '340 patent"), U.S. Design Patent No. D751,341 ("the '341 patent"), and U.S. Design Patent No. D761,619 ("the '619 patent") (collectively, "YETI's lid patents"), all related to a lid. YETI's beverage holder patents identified in paragraph 27 and YETI's lid patents identified in this paragraph are collectively referred to as "YETI's design patents."

37. The '338 patent is entitled "Lid." On March 15, 2016, the '338 patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '338 patent. A copy of the '338 patent is attached as Exhibit 14. An exemplary figure from the '338 patent is shown in Illustration 13 below.

| Illustration 13: Exemplary Figure from the '338 Patent. |
|---|



38.     The '339 patent is entitled "Lid."  On March 15, 2016, the '339 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '339 patent.  A copy of the '339 patent is attached as Exhibit 15. An exemplary figure from the '339 patent is shown in Illustration 14 below.

| Illustration 14: Exemplary Figure from the '339 Patent. |
|---|



39.     The '340 patent is entitled "Lid."  On March 15, 2016, the '340 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '340 patent.  A copy of the '340 patent is attached as Exhibit 16. An exemplary figure from the '340 patent is shown in Illustration 15 below.

| Illustration 15: Exemplary Figure from the '340 Patent. |
| --- |



40.     The '341 patent is entitled "Lid."  On March 15, 2016, the '341 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '341 patent.  A copy of the '341 patent is attached as Exhibit 17. An exemplary figure from the '341 patent is shown in Illustration 16 below.

| Illustration 16: Exemplary Figure from the '341 Patent. |
|---|
|  |

41.     The '619 patent is entitled "Lid."  On July 19, 2016, the '619 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '619 patent.  A copy of the '619 patent is attached as Exhibit 18. An exemplary figure from the '619 patent is shown in Illustration 17 below.

| Illustration 17: Exemplary Figure from the '619 Patent. |
|---|
|  |

## General Allegations – Defendants' Unlawful Activities

42.    Defendants have purposefully advertised, promoted, offered for sale, sold, and/or distributed, and continue to advertise, promote, offer for sale, sell, and/or distribute products that violate YETI's rights, including the rights protected by YETI's intellectual property.   On information and belief, JDS also is making such infringing products and/or importing such infringing products into the United States.   Defendants' infringing products are confusingly similar imitations of YETI's products and are in the same size as YETI's products.   Defendants' actions have all been without the authorization of YETI.

43.    JDS Industries' infringing products include at least its 30 oz. tumblers, 20 oz. tumblers, 10 oz. tumblers, beverage holders, and its lids. On information and belief, JDS Industries advertises, promotes, offers for sale, sells, and/or distributes these infringing products to its customers, including at least Accolades, Creative and Fast, King Engraving, Roberts Trophies, and Eagle Media. A printout with excerpts from Defendants' website, www.jdsindustries.com/, and showing the infringing products is attached as Exhibit 19.

44.    Accolades' infringing products include at least the 30 oz. tumblers, 20 oz. tumblers, and beverage holders.

45.    Creative and Fast's infringing products include at least the 30 oz. tumblers and 20 oz. tumblers.

46.    King Engraving's infringing products include at least the 30 oz. tumblers, 20 oz. tumblers, 10 oz. tumblers, beverage holders, and lids.

47.    Roberts Trophies' infringing products include at least the 30 oz. tumblers, 20 oz. tumblers, 10 oz. tumblers, beverage holders, and lids.

48.    Eagle Media's infringing products include at least the 30 oz. tumblers, 20 oz. tumblers, 10 oz. tumblers, beverage holders, and lids.

49.     Exemplary images of the infringing products are shown below:

**Illustration 18:  Exemplary Image of the Infringing 30 oz. Tumbler Products.**



**Illustration 19: Exemplary Image of the Infringing 20 oz. Tumbler Products.**



**Illustration 20: Exemplary Image of the Infringing 10 oz. Tumbler Products.**



| Illustration 21: Exemplary Image of the Infringing Beverage Holder Products. |
|---|
|  |

| Illustration 22: Exemplary Images of the Infringing Lid Products. |
|---|
|  |

50.     As a result of Defendants' activities related to the infringing products, there is a likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

51.     YETI used its trade dress extensively and continuously before Defendants began advertising, promoting, selling, offering to sell, or distributing its infringing products.  Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in

the State of Texas generally and in geographic areas in Texas before Defendants commenced unlawful use of YETI's trade dress.

52.     In addition to infringing and diluting YETI's trade dress, Defendants have also unlawfully used and continues to unlawfully use YETI's "YETI" trademarks and/or colorable imitations thereof, and JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media have unlawfully used and continue to unlawfully use YETI's "YETI COLSTER" and "YETI RAMBLER COLSTER" trademarks and/or colorable imitations thereof, in *inter alia*, advertising, promoting, offering to sell, selling, and distributing Defendants' infringing products, and are thereby infringing and diluting YETI's "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER"  trademarks and intentionally trading on YETI's goodwill.

53.     Examples of Defendants' infringing uses of YETI's "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks and/or colorable imitations are shown below.

**Illustration 23: Examples of Infringement of YETI's Trademarks.**



54.     As a result of Defendants' activities related to their use of YETI's "YETI," "YETI COLSTER," and/or "YETI RAMBLER COLSTER" trademarks and/or colorable imitations thereof, there is a likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

55.     YETI used its "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks extensively and continuously before Defendants began advertising, promoting, selling, offering to sell, or distributing its infringing products. Moreover, YETI's "YETI," "YETI

COLSTER," and "YETI RAMBLER COLSTER" trademarks became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Defendants commenced unlawful use of YETI's trademarks.

56.     Defendants' use of YETI's trade dress, YETI's "YETI" trademarks, and/or colorable imitations thereof, and JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's use of YETI's "YETI COLSTER" and "YETI RAMBLER COLSTER" trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' direct copying of YETI's products and unlawful use of YETI's trademarks.

57.     As discussed above and as set forth in the counts below, Defendants' actions are unfair and unlawful.

**Count I:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

58.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Based on the activities described above, including, for example, Defendants' advertising, promoting, offering for sale, selling, and distributing the infringing products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code.  Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

60. YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

61. Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

62. On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

63.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

## Count II:
## Trademark Dilution Under Tex. Bus. & Com. Code § 16.103

64.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 63 as though fully set forth herein.

65.     Based on the activities described above, including, for example, Defendants' use of YETI's trademarks, including Defendants' use of "YETI" and/or colorable imitations thereof and JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's use of "YETI COLSTER" and "YETI RAMBLER COLSTER" and/or colorable imitations thereof, Defendants are likely to dilute, have diluted, and continue to dilute YETI's trademarks in violation § 16.103 of the Texas Business & Commerce Code.  Defendants' use of YETI's trademarks and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's trademarks with YETI, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctness of YETI's famous trademarks.

66.     YETI's trademarks are famous and are entitled to protection under Texas law. YETI has extensively and continuously promoted and used its trademarks in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trademarks have become famous and well-known indicators of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trademarks are widely recognized by the public throughout Texas and in geographic areas in

Texas as a designation of the source of YETI and YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trademarks became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

67.   Defendants' use of YETI's trademarks and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

68.   On information and belief, Defendants' use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

69.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count III:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

70.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 69 as though fully set forth herein.

71.   Based on the activities described above, including, for example, Defendants using YETI's federally registered trademarks, including Defendants using at least the trademarks protected by the '869 Registration, the '370 Registration, the '371 Registration, and/or colorable

imitations thereof, and JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media using at least the trademarks protected by the '419 Registration, the '725 Registration, and/or colorable imitations thereof, in connection with advertising, promoting, offering for sale, selling, and distributing the infringing products, Defendants have infringed YETI's "YETI" trademarks, and JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media have infringed YETI's "YETI COLSTER" and "YETI RAMBLER COLSTER" trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Defendants use of YETI's "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks and/or colorable imitations thereof is likely to cause confusion, or to cause mistake, or to deceive.

72.     Defendants use of YETI's "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

73.     On information and belief, Defendants' use of YETI's "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks, and/or colorable imitations thereof, has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by its unlawful use of YETI's "YETI," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks in an effort to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

74.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

**Count IV:**
**Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

75.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 74 as though fully set forth herein.

76.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

77.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

78.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

79.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

80.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count V:**
**Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

81.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 80 as though fully set forth herein.

82.     Based on the activities described above, including, for example, Defendants' use of YETI's trademarks, including Defendants' use of "YETI" and/or colorable imitations thereof and JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's use of "YETI COLSTER" and "YETI RAMBLER COLSTER" and/or colorable imitations thereof, Defendants violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants' use of YETI's trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

83.     YETI's trademarks are entitled to protection under the Lanham Act.  YETI has extensively and continuously promoted and used its trademarks in the United States.  Through that extensive and continuous use, YETI's trademarks have become well-known indicators of the

33

origin and quality of YETI's products.   YETI's trademarks have also acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

84.   Defendants' use of YETI's trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

85.   On information and belief, Defendants' use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.   Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products and by Defendants' continuing disregard for YETI's rights.

86.   YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VI:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

87.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 86 as though fully set forth herein.

88.   Based on the activities described above, including, for example, Defendants' advertising, promoting, offering for sale, selling, and distributing the infringing products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).   Defendants' use of YETI's trade

dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

89.    YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

90.    Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

91.    On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is

evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

92.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VII:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

93.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 92 as though fully set forth herein.

94.     Based on the activities described above, including, for example, Defendants' use of YETI's trademarks, including Defendants' use of "YETI" and/or colorable imitations thereof and JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's use of "YETI COLSTER" and "YETI RAMBLER COLSTER" and/or colorable imitations thereof, Defendants are likely to dilute, have diluted, and continue to dilute YETI's famous trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).   Defendants' use of YETI's trademarks and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's famous trademarks with YETI and YETI's products, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, by associating YETI's trademarks with products of inferior quality, and by impairing the distinctiveness of YETI's famous trademarks.

95.     YETI's trademarks are famous and are entitled to protection under the Lanham Act.   YETI's trademarks have acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trademarks in the United States.   Through that extensive and continuous use, YETI's trademarks have become famous well-known indicators of the origin and

quality of YETI's products throughout the United States, and are widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

96.     Defendants' use of YETI's trademarks has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

97.     On information and belief, Defendants' use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products and by Defendants' continuing disregard for YETI's rights.

98.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

### Count VIII:
### Unfair Competition and False Designation of Origin under § 43(a)
### of the Lanham Act, 15 U.S.C. § 1125(a)

99.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 98 as though fully set forth herein.

100.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Defendants have obtained an unfair advantage as compared to YETI through

Defendants' use of YETI's trade dress and trademarks and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

101.    YETI's trade dress and trademarks are entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress and trademarks in the United States.  Through that extensive and continuous use, YETI's trade dress and trademarks have become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and trademarks in connection with the infringing products.

102.    Defendants' use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.

103.    On information and belief, Defendants' use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Defendants' unlawful use of YETI's trademarks to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

104.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count IX:
## Patent Infringement of U.S. Patent D752,397 Under 35 U.S.C. § 271

105.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 104 as though fully set forth herein.

106.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '397 patent at least by using, selling, and offering to sell the infringing beverage holder, and on information and belief by making and/or importing into the United States the infringing beverage holder, which is covered by the claim of the '397 patent.

107.    JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

108.    On information and belief, JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's infringement of the '397 patent has been, and continues to be, deliberate, intentional, and willful.

109.    On information and belief, this is an exceptional case in view of JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's unlawful activities, including their deliberate, intentional, and willful infringement.

110.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

111.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count X:
### Patent Infringement of U.S. Patent D779,285 Under 35 U.S.C. § 271

112.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 111 as though fully set forth herein.

113.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '285 patent at least by using, selling, and offering to sell the infringing beverage holder, and on information and belief by making and/or importing into the United States the infringing beverage holder, which is covered by the claim of the '285 patent.

114.    JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

115.    On information and belief, JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's infringement of the '285 patent has been, and continues to be, deliberate, intentional, and willful.

116.    On information and belief, this is an exceptional case in view of JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's unlawful activities, including their deliberate, intentional, and willful infringement.

117.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

118.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XI:**
**Patent Infringement of U.S. Patent D779,891 Under 35 U.S.C. § 271**

119.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 118 as though fully set forth herein.

120.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '891 patent at least by using, selling, and offering to sell the infringing beverage holder, and on information and belief by making and/or importing into the United States the infringing beverage holder, which is covered by the claim of the '891 patent.

121.    JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

122.    On information and belief, JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's infringement of the '891 patent has been, and continues to be, deliberate, intentional, and willful.

41

123.    On information and belief, this is an exceptional case in view of JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's unlawful activities, including their deliberate, intentional, and willful infringement.

124.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

125.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XII:
## Patent Infringement of U.S. Patent D779,892 Under 35 U.S.C. § 271

126.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 125 as though fully set forth herein.

127.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '892 patent at least by using, selling, and offering to sell the infringing beverage holder, and on information and belief by making and/or importing into the United States the infringing beverage holder, which is covered by the claim of the '892 patent.

128.    JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

129.     On information and belief, JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's infringement of the '892 patent has been, and continues to be, deliberate, intentional, and willful.

130.     On information and belief, this is an exceptional case in view of JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's unlawful activities, including their deliberate, intentional, and willful infringement.

131.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

132.     JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XIII:**
**<u>Patent Infringement of U.S. Patent D780,530 Under 35 U.S.C. § 271</u>**

133.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 132 as though fully set forth herein.

134.     JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '530 patent at least by using, selling, and offering to sell the infringing beverage holder, and on information and belief by making and/or importing into the United States the infringing beverage holder, which is covered by the claim of the '530 patent.

135.    JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

136.    On information and belief, JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's infringement of the '530 patent has been, and continues to be, deliberate, intentional, and willful.

137.    On information and belief, this is an exceptional case in view of JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's unlawful activities, including their deliberate, intentional, and willful infringement.

138.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

139.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XIV:
### Patent Infringement of U.S. Patent D780,531 Under 35 U.S.C. § 271

140.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 139 as though fully set forth herein.

141.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '531 patent at least by using, selling, and offering to sell the infringing beverage holder, and on information and belief by making and/or importing

into the United States the infringing beverage holder, which is covered by the claim of the '531 patent.

142.    JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

143.    On information and belief, JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's infringement of the '531 patent has been, and continues to be, deliberate, intentional, and willful.

144.    On information and belief, this is an exceptional case in view of JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's unlawful activities, including their deliberate, intentional, and willful infringement.

145.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

146.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XV:**
**Patent Infringement of U.S. Patent D780,532 Under 35 U.S.C. § 271**

147.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 146 as though fully set forth herein.

148.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '532 patent at least by using, selling, and offering to

sell the infringing beverage holder, and on information and belief by making and/or importing into the United States the infringing beverage holder, which is covered by the claim of the '532 patent.

149.    JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

150.    On information and belief, JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's infringement of the '532 patent has been, and continues to be, deliberate, intentional, and willful.

151.    On information and belief, this is an exceptional case in view of JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's unlawful activities, including their deliberate, intentional, and willful infringement.

152.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

153.    JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XVI:**
**Patent Infringement of U.S. Patent D780,533 Under 35 U.S.C. § 271**

154.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 153 as though fully set forth herein.

155.   JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '533 patent at least by using, selling, and offering to sell the infringing beverage holder, and on information and belief by making and/or importing into the United States the infringing beverage holder, which is covered by the claim of the '533 patent.

156.   JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

157.   On information and belief, JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's infringement of the '533 patent has been, and continues to be, deliberate, intentional, and willful.

158.   On information and belief, this is an exceptional case in view of JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's unlawful activities, including their deliberate, intentional, and willful infringement.

159.   YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

160.   JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XVII:**
**Patent Infringement of U.S. Patent D751,338 Under 35 U.S.C. § 271**

161.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 160 as though fully set forth herein.

162.    JDS Industries, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '338 patent at least by using, selling, and offering to sell the infringing lids, and on information and belief by making and/or importing into the United States the infringing lids, which are covered by the claim of the '338 patent.

163.    JDS Industries', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

164.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 289.

165.    JDS Industries, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XVIII:**
**Patent Infringement of U.S. Patent D751,339 Under 35 U.S.C. § 271**

166.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 165 as though fully set forth herein.

167.    JDS Industries, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '339 patent at least by using, selling, and offering to sell

the infringing lids, and on information and belief by making and/or importing into the United States the infringing lids, which are covered by the claim of the '339 patent.

168.    JDS Industries', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

169.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 289.

170.    JDS Industries, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XIX:
## Patent Infringement of U.S. Patent D751,340 Under 35 U.S.C. § 271

171.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 170 as though fully set forth herein.

172.    JDS Industries, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '340 patent at least by using, selling, and offering to sell the infringing lids, and on information and belief by making and/or importing into the United States the infringing lids, which are covered by the claim of the '340 patent.

173.    JDS Industries', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

174.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 289.

175.    JDS Industries, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XX:**
**Patent Infringement of U.S. Patent D751,341 Under 35 U.S.C. § 271**

176.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 175 as though fully set forth herein.

177.    JDS Industries, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '341 patent at least by using, selling, and offering to sell the infringing lids, and on information and belief by making and/or importing into the United States the infringing lids, which are covered by the claim of the '341 patent.

178.    JDS Industries', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

179.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 289.

180.    JDS Industries, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no

adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXI:**
**Patent Infringement of U.S. Patent D761,619 Under 35 U.S.C. § 271**

181.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 180 as though fully set forth herein.

182.    JDS Industries, King Engraving, Robert Trophies, and Eagle Media have infringed and continue to infringe the '619 patent at least by using, selling, and offering to sell the infringing lids, and on information and belief by making and/or importing into the United States the infringing lids, which are covered by the claim of the '619 patent.

183.    JDS Industries', King Engraving's, Robert Trophies', and Eagle Media's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

184.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 289.

185.    JDS Industries, King Engraving, Robert Trophies, and Eagle Media also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXII:**
**Common Law Trade Dress Infringement**

186.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 185 as though fully set forth herein.

51

187.    Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Defendants' use of YETI's trade dress and/or colorable imitations thereof, is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

188.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

189.    Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

190.    On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

191.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count XXIII:**
**Common Law Trademark Infringement**

192.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 191 as though fully set forth herein.

193.     Defendants' activities described above, including, for example, Defendants' use of YETI's trademarks, including Defendants' use of "YETI" and/or colorable imitations thereof and Defendants' use of "YETI COLSTER" and "YETI RAMBLER COLSTER" and/or colorable imitations thereof, in direct competition with YETI, constitute common law trademark infringement, at least because Defendants' use of YETI's trademarks and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

194.     YETI's trademarks are entitled to protection under the common law. YETI has extensively and continuously promoted and used its trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

195.     Defendants' use of YETI's trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury

to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

196.    On information and belief, Defendants' use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products and by Defendants' continuing disregard for YETI's rights.

197.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count XXIV:**
**<u>Common Law Unfair Competition</u>**

198.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 197 as though fully set forth herein.

199.    Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Defendants' goods, by simulating YETI's trade dress, and/or by using YETI's trademarks, in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.  Defendants have also interfered with YETI's business.

200.    YETI's trade dress and trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's

trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and trademarks in connection with the infringing products.

201.   Defendants' use of YETI's trade dress, trademarks, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.

202.   On information and belief, Defendants' use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Defendants' unlawful use of YETI's trademarks to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

203.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count XXV:**
**Common Law Misappropriation**

204.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 203 as though fully set forth herein.

205.   Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law misappropriation.

206.    YETI created the products covered by YETI's trade dress and trademarks through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof in competition with YETI and gained a special advantage because Defendants were not burdened with the expenses incurred by YETI.  Defendants have commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

207.    YETI's trade dress and trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and trademarks in connection with the infringing products.

208.    Defendants' use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.  Moreover, as a result of its misappropriation, Defendants have profited and, unless such conduct is enjoined by this Court,

will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.

209.    Defendants' misappropriation of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Defendants' unlawful use of YETI's trademarks to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

210.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count XXVI:**
**<u>Unjust Enrichment</u>**

211.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 210 as though fully set forth herein.

212.    Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Defendants have wrongfully obtained benefits at YETI's expense.  Defendants have also, *inter alia*, operated with an undue advantage.

213.    YETI created the products covered by YETI's trade dress and trademarks through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used and is wrongfully using YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof, in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Defendants have not been burdened with the expenses incurred by YETI, yet Defendants are obtaining the resulting benefits for its own business and products.

214.   YETI's trade dress and trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof in connection with the infringing products.

215.   Defendants' use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. Defendants have wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

216.   Defendants' unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Defendants' unlawful use of YETI's trademarks to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

217.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits.

## Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Defendants have (i) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (ii) diluted YETI's trademarks in violation of Tex. Bus. & Com. Code § 16.103; (iii) infringed YETI's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (iv) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (v) infringed YETI's trademarks in violation of § 1125(a) of Title 15 in the United States Code; (vi) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (vii) diluted YETI's trademarks in violation of § 1125(c) of Title 15 in the United States Code; (viii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code and that all of these wrongful activities by Defendants were willful;

2.     Judgement that JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media have (i) infringed the '397 patent in violation of § 271 of Title 35 in the United States Code; (ii) infringed the '285 patent in violation of § 271 of Title 35 in the United States Code; (iii) infringed the '891 patent in violation of § 271 of Title 35 in the United States Code; (iv) infringed the '892 patent in violation of § 271 of Title 35 in the United States Code; (v) infringed the '530 patent in violation of § 271 of Title 35 in the United States Code; (vi) infringed the '531 patent in violation of § 271 of Title 35 in the United States Code; (vii) infringed the '532 patent in violation of § 271 of Title 35 in the United States Code; (viii)

infringed the '533 patent in violation of § 271 of Title 35 in the United States Code, and that all of these wrongful activities by JDS Industries, Accolades, King Engraving, Robert Trophies, and Eagle Media were willful;

3.      Judgement that JDS Industries, King Engraving, Robert Trophies, and Eagle Media have (i) infringed the '338 patent in violation of § 271 of Title 35 in the United States Code; (ii) infringed the '339 patent in violation of § 271 of Title 35 in the United States Code; (iii) infringed the '340 patent in violation of § 271 of Title 35 in the United States Code; (iv) infringed the '341 patent in violation of § 271 of Title 35 in the United States Code; (v) infringed the '619 patent in violation of § 271 of Title 35 in the United States Code;

4.      Judgement that Defendants have (i) violated YETI's common law rights in YETI's trade dress; (ii) violated YETI's common law rights in YETI's trademarks; (iii) engaged in common law unfair competition; (iv) engaged in common law misappropriation; (v) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Defendants were willful;

2.      An injunction against further infringement and dilution of YETI's trade dress and trademarks, further infringement of YETI's design patents, further acts of unfair competition, misappropriation, and unjust enrichment by Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, trademarks, or YETI's design patents pursuant to at least 15 U.S.C. § 1116, Tex. Bus. & Com. Code § 16.104, and 35 U.S.C. § 283;

3.      An Order directing Defendants to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress or trademarks in Defendants' possession or control, (iii) all plates, molds, and other means of making the infringing products in Defendants' possession, custody, or control, and (iv) all advertising materials related to the infringing products in Defendants' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Defendants to publish a public notice providing proper attribution of YETI's trade dress and trademarks to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of damages adequate to compensate YETI for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, and/or an award of JDS Industries', Accolades', King Engraving's, Robert Trophies', and Eagle Media's profits from their patent infringements pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant to 35 U.S.C. §§ 284 and 285;

8.      An award of Defendants' profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees

pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

       9.      Such other and further relief as this Court deems just and proper.

Dated:  May 5, 2017                 Respectfully submitted,

                                  By: /s/ *Victoria R. M. Webb*

                                  Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Victoria R. M. Webb (admitted in the Western District of Texas)
Illinois Bar No. 6307279
vwebb@bannerwitcoff.com
Kimberly S. Devine *(pro hac vice forthcoming)*
Illinois Bar No. 6323813
kdevine@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**