# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **YETI COOLERS, LLC** | § | |
| | § | |
| VS. | § | NO. 1:17-CV-424 RP |
| | § | |
| **JDS INDUSTRIES, INC., et al.** | § | |

## ORDER

Before the Court are the parties' competing motions for entry of a confidentiality and protective order to govern discovery in this case (Dkt. Nos. 76 & 80), along with the related responses and replies (Dkt. Nos. 79, 81, 82 & 85). The motions were referred to the undersigned for resolution by the District Judge, pursuant to 28 U.S.C. § 636(b)(1).

In the initial motion for entry of a protective order, JDS Industries, Inc., Lionel Landry, Jr., and Kelly Scoggins request the Court to enter a protective order on the terms of the form protective order approved by the Court's Local Rules, with the exception of the addition of a section addressing attorney-client and work product issues, language that is apparently not objectionable to YETI, as it is taken verbatim from a draft order proposed by YETI. In response, YETI proposes that the Court enter a protective order with many deviations from the Court's standard order. It asserts that the order it proposes is "best suited" for this litigation. Oddly—given that six separate opposing pleadings have been filed on this issue—YETI claims that it is "generally agreeable" to JDS's proposed order, and suggests that it is only pushing the issue because there are a few changes "that would improve the protective order to the benefit of everyone." Dkt. No. 80 at 1. In other words, YETI would have the Court believe that the numerous red-lined versions of dueling protective orders that are presently on the undersigned's desk are there "for the good of all." Let's just say that the Court is skeptical of that claim.

The fact that the parties have been unable to agree to the terms of a protective order—even in the face of the Local Rules having already approved a form of such an order—does not bode well. Indeed, YETI states that the parties have been negotiating the terms of a protective order for six weeks, and have had three "meet and confers" on the issue.[1] The Court shudders to imagine what is looming when the parties start to actually exchange discovery responses. Regardless, with respect to the matter at hand, the Court sees no reason why the terms of the already-approved protective order, with the addition of the agreed-upon attorney-client and work product section, is not adequate to handle the matters in this case. Thus, the Court will **GRANT** JDS's Joint Opposed Motion for Entry of Confidentiality and Protective Order (Dkt. No. 76) and **DENY** YETI's Opposed Motion for Entry of a Protective Order (Dkt. No. 80), and will enter the proposed order attached to JDS's motion. And, in all seriousness, the Court cautions the parties that this Court expects counsel to resolve minor matters such as these by agreement, which requires reasonable compromises. Failure to do so on future matters will not end well.

SIGNED this 27th day of October, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] It's not clear when "meet and confer" became a noun, but the phrase is appearing in an alarming number of pleadings. Not only is it a grammatically questionable term, but it's also highly inaccurate, since in the Court's experience "meetings" rarely occur. Instead, in most instances the parties send each other lengthy emails, and in "good cases" they speak to each other, but only on the phone. Further, whether any "conferring" happens is doubtful, as the "meet and confer" letters that seem to follow these sessions mainly chronicle disagreement after disagreement. It would be more apt to call these sessions "email and disagrees." But the Court digresses.